UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SHANNON CARTER, | Case No.: 2:17-cv-00206-APG-NJK |
| Plaintiff | **Order Denying Motions for Temporary Restraining Order and Preliminary Injunction** |
| v. | |
| JAMES DZURENDA, et al., | [ECF Nos. 16, 17] |
| Defendants | |

Plaintiff Shannon Carter is an inmate at High Desert State Prison (HDSP). He alleges in this lawsuit that employees at HDSP are denying him access to the courts and retaliating against him for filing grievances. ECF Nos. 2, 3.

He moves for a temporary restraining order and preliminary injunction, arguing that until recently he was restricted to four hours per week at the law library where no legal assistance was provided, and as of July 23, 2018 his access to legal materials is even more limited because he has no physical access to the law library and is restricted to a paging system. He has numerous state and federal lawsuits pending and contends he cannot adequately prepare for them given the limited access to the law library and legal materials. He states he has already suffered irreparable injury by losing several motions in various cases. He contends that, as a result, he is denied his right of access to the courts. He seeks as relief appointment of counsel or transfer to another facility where he would not be limited to a paging system.

The defendants respond that Carter fails to show a likelihood of success on the merits because although he mentions having cases dismissed, he does not show that the dismissals were the result of the paging system or limited law library time. The defendants note, for example, that his federal habeas corpus petition was denied because it was filed more than nine years after

his conviction became final in state court. The defendants also argue that the balance of hardships does not favor Carter because the relief he requests would interfere with the Nevada Department of Corrections' (NDOC) internal operations and would grant him privileges that other inmates do not have. They argue the mere fact that he has multiple lawsuits pending does not justify additional law library time because that would incentivize inmates to file more lawsuits.

**I. ANALYSIS**

To qualify for a temporary restraining order or preliminary injunction, a plaintiff must demonstrate: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships favors the plaintiff, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, under the sliding scale approach, a plaintiff must demonstrate (1) serious questions on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships tips sharply in the plaintiff's favor, and (4) an injunction is in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

Most requested injunctions are prohibitory, meaning they seek to maintain the status quo and prohibit the enjoined party from engaging in identified activities. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (en banc). In contrast, a mandatory injunction "orders a responsible party to take action." *Id.* (quotation omitted). Mandatory injunctions are "particularly disfavored." *Id.* (quotation omitted). Where a party seeks a mandatory injunction, he "must establish that the law and facts clearly favor [his] position, not simply that [he] is likely to succeed." *Id.*

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotation and emphasis omitted). Additionally, in the context of a civil action challenging prison conditions, injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). I must give "substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief." 18 U.S.C. § 3626(a)(1)(A). And I must respect the principles of comity set out in § 3626(a)(1)(B).

As part of the right of access to the courts, a prison must provide inmates either the assistance of a lawyer or access to an adequate law library. *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (holding that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law"). To prevail on a denial of access claim, the inmate must show that "the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *see also id.* at 352-53 (stating the inmate must show "that a nonfrivolous legal claim had been frustrated or was being impeded" (internal footnote omitted)). For example, an inmate may show he could not present a non-frivolous claim or meet a filing deadline because of the law library's inadequacies. *Id.* at 351. It is the ability to "have a reasonably adequate opportunity to file nonfrivolous legal claims challenging . . . convictions or conditions of confinement . . ., rather than the capability of turning pages in a law library, that is the touchstone." *Id.* at 356-57.

Carter has not demonstrated he suffered an actual injury from either limited hours at the law library or the paging system. He mentions he suffered a PLRA strike and he states he was unable to communicate with the court about a summons not being filed, but I cannot determine in what case these events occurred or whether they have any relation to Carter having limited hours at the law library or having to use a paging system.

Next, he asserts that his appeal in Nevada Court of Appeals case number 73868 was dismissed. But it was not. The court of appeals remanded the case to the district court for reconsideration in light of *Williams v. State Department of Corrections*, 402 P.3d 1260 (Nev. 2017). *Carter v. Warden*, Court of Appeals Case No. 73868, order dated April 11, 2018.

He also identifies case number 73636 as being dismissed, but his entire case was not dismissed. Rather, the Nevada Court of Appeals ruled that he stated a claim for deliberate indifference and reversed and remanded to the trial court. *Carter v. State*, Court of Appeals Case No. 73636, order dated May 9, 2018. Defendant Dzurenda was dismissed for failure to timely serve him. According to the court of appeals, Carter presented no argument for why Dzurenda should not be dismissed. *Id.* Carter offers no explanation tying the allegedly inadequate access to legal materials to either his failure to timely serve Dzurenda or his failure to explain why Dzurenda should not have been dismissed.

Next, Carter points to state court case number A-17-75668-C. According to the Nevada Court of Appeals, his complaint (which apparently also asserted claims for denial of access to the courts) was dismissed because he "failed to show the loss of a non-frivolous or arguable underlying claim." *Carter v. Warden*, Court of Appeals Case No. 74327, order dated May 9, 2018. The court of appeals affirmed the trial court's ruling because Carter's appellate brief did

4

not address this basis for dismissal. *Id.* Carter does not explain how denial of access to legal materials affected him with respect to this case.

Carter next identifies a series of federal cases. Three of those cases are awaiting screening. *Carter v Dzurenda*, 2:18-cv-00452-APG-PAL; *Carter v. Dzurenda*, 2:18-cv-00950-JAD-VCF; *Carter v. Nev. Dep't of Corr.*, 2:18-cv-00351-JCM-CWH. Carter has not explained how he has suffered an actual injury in these cases, where as yet there has been no adverse ruling. His speculative concern that he will not have adequate law library time in the future to litigate these cases does not show actual injury.

In *Carter v. Bean*, 2:17-cv-01628-RFB-GWF, the complaint has been screened and the parties recently attended a mediation, but no settlement was reached. Carter has not identified any adverse ruling, missed deadline, or inability to present his claims in that case resulting from inadequate access to legal materials.

In *Carter v. Dzurenda*, 2:17-cv-02472-APG-GWF, Carter's complaint was screened on the merits and I determined that he failed to state a claim. He does not identify any potential error with the ruling or how the denial of access to legal materials frustrated or impeded him from presenting the claim. The mere fact that his lawsuit failed does not, in and of itself, show actual injury resulting from inadequate access to legal materials.

In *Carter v. Baker*, 3:16-cv-00481-MMD-CBC, the complaint was screened, the parties engaged in a mediation, but no settlement was reached. His claims survived a motion to dismiss as to all but one defendant in his personal capacity. The court substituted that defendant with the current NDOC director. The parties are currently briefing motions for injunctive relief similar to the motions I am currently addressing. Carter has not identified any adverse ruling, missed

deadline, or inability to present his claims in that case resulting from inadequate access to legal materials.

Finally, Carter contends he was impeded in challenging a time bar on post-conviction relief. He does not identify the case. The defendants presume he is referring to *Carter v. Baker*, 3:15-cv-00431-MMD-VPC. If that is the case Carter is referring to, he has not shown an actual injury. There, Judge Du found his federal habeas corpus petition untimely because it was filed more than nine years after the Nevada state court system resolved his direct appeal and state post-conviction petition. Carter argued the paging system was inadequate, but Judge Du ruled that did not explain a nine-year delay in filing his federal habeas petition. Both Judge Du and the Ninth Circuit denied him a certificate of appealability. Thus, Carter's argument that *Carter v. Baker* was impacted by an allegedly inadequate paging system has already been resolved adversely to him. Even if it had not been, he has not demonstrated a likelihood of success in showing that a nine-year delay could be explained by limited access to the law library.

In sum, Carter has not shown a likelihood of success on the merits, or even serious questions going to the merits, as to an actual injury he suffered in any case due to inadequate access to legal materials. Consequently, I deny his motions for injunctive relief. *Garcia*, 786 F.3d at 740 (stating that "when a plaintiff has failed to show the likelihood of success on the merits," a court "need not consider the remaining three" factors (quotation omitted)).

IT IS THEREFORE ORDERED that plaintiff Shannon Carter's motion for temporary restraining order **(ECF No. 16)** and motion for preliminary injunction **(ECF No. 17) are DENIED**.

DATED this 25th day of September, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE