# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SHANNON CARTER,

    Plaintiff(s),

v.

JAMES DZURENDA, et al.,

    Defendant(s).

Case No.: 2:17-cv-00206-APG-NJK

**ORDER**

[Docket No. 32]

Pending before the Court is Plaintiff's motion to compel. Docket No. 32. Defendants filed a response in opposition. Docket No. 33. No reply was filed. A hearing on that motion is hereby **SET** for 9:00 a.m. on January 16, 2019, in Courtroom 3A. Because Plaintiff is an inmate, defense counsel shall promptly coordinate with prison officials and the undersigned's courtroom deputy to arrange for Plaintiff's telephonic appearance at the hearing.

The Court will hear argument on the motion generally. In addition, however, the parties shall be prepared specifically to address the following:

- Whether Plaintiff's meet-and-confer efforts suffice given his status as a *pro se* prisoner, especially considering the third letter Plaintiff sent discussing the discovery in dispute, *compare* Docket No. 32 at 17 *with* Local Rule IA 1-3(f)(1) (in-person, telephonic, or video conferences are not required for *pro se* prisoners);

1

- With respect to Request for Production No. 3, whether Plaintiff has filled out a kite to review documents and, if so, why that review is not sufficient for the purposes of this case; and

- With respect to Request for Production No. 4, whether Defendants waived any argument based on NRS 213.1075 by failing to object on the basis of that provision, *see Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992),[1] whether NRS 213.1075 applies in federal court cases involving federal causes of action, *see Klein v. Crawford*, 2006 WL 3833328, at *1 (D. Nev. Dec. 27, 2006) (holding that NRS 213.1075 is inapplicable when federal law supplies the rule of decision), what standards govern application of NRS 213.1075 (if it applies at all) since it allows for disclosure as "otherwise ordered by the . . . judge," *cf. Milligan v. McDaniel*, 2006 WL 1285418, at *4 (D. Nev. May 10, 2006) (noting that NRS 213.1075 is not absolute), and whether federal common law prevents disclosure of the responsive documents.

IT IS SO ORDERED.

Dated: January 2, 2019

　　　　　　　　　　　　　　　　　　　　　　　
Nancy J. Koppe
United States Magistrate Judge

---

[1] Similarly, Defendants intimate that the documents are under the custody and control of the Parole Board, rather than of NDOC. *See* Docket No. 34 at 7. While it is an appropriate objection that responsive documents are not "in the responding party's possession, custody, or control," Fed. R. Civ. p. 34(a)(1), no such objection was made in responding to the discovery in dispute, *see* Docket No. 32 at 24-25.